DANIEL J. SPECK, Appellant, Respondent, *v.* MADURO MERCANTILE CO., INC., Respondent, Appellant.

First Department, July 13, 1917.

Contract — agreement to pay for customers procured by plaintiff — evidence justifying recovery — trial — erroneous charge ignored by jury — error not requiring new trial.

Action founded upon the alleged breach of a contract by which the plaintiff, a shipping agent for merchants, was to be paid by the defendant who was engaged in another business, a certain sum for each customer of the plaintiff who should trade with the defendant. The evidence established that certain of the plaintiff's customers bought goods of the defendant, but under the contract the plaintiff was not to be entitled

to full payment for each customer furnished if they did not continue to deal with the defendant for the full period of two years.

*Held*, that the evidence justified a finding by the jury that the accounts turned over to the defendant were live accounts representing actual customers of the plaintiff and that he was entitled to recover.

In such action it was error to charge that the plaintiff could not recover unless the customers turned over to the defendant dealt with the latter as forwarders, for, under the contract, the defendant was not to act as a forwarder, but merely as a jobber furnishing goods to the plaintiff's customers.

But a new trial will not be granted for the error aforesaid when the court correctly charged as to the other elements necessary for a recovery and the verdict of the jury shows that it ignored the erroneous charge and all the necessary elements for a recovery were correctly stated and found.

DOWLING, J., dissented, with opinion.

APPEAL by the plaintiff, Daniel J. Speck, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 9th day of May, 1916, setting aside the verdict of a jury in plaintiff's favor and granting a new trial, except in so far as said order denies the defendant's motion to dismiss the complaint.

Appeal by the defendant, Maduro Mercantile Co., Inc., from so much of said order as denies its motion to dismiss the complaint.

*Samuel Meyers*, for the appellant.

*Samuel Fruchthandler*, for the respondent.

SHEARN, J.:

Prior to the agreement in controversy, plaintiff was engaged in the business of general forwarder under the name Union Packing Company. The business consisted in acting as receiving, packing and shipping agent for out of town merchants. Early in 1913 plaintiff associated himself with three others and formed the defendant corporation, which was to engage in the business of buying for out of town merchants. It was contemplated that the new company would take advantage of plaintiff's trade list to solicit business. Within a few months dissensions arose and plaintiff withdrew from the defendant, pursuant to a written contract, prepared without legal assistance, which provided that " for any account

that may go over to the Maduro Mercantile Co. [the defendant] as per list given to them by Mr. D. J. Speck (or any firm resulting from the Maduro Mercantile Co.) that is now with the Union Packing Co." plaintiff should be paid $200 "for each and every account." Upon the trial of the action for breach of this contract, it was conceded that after the making of the contract, twenty-eight customers on plaintiff's list dealt with and bought goods of the defendant. The evidence satisfactorily shows that all of these customers were employing the plaintiff as their forwarder at the time the contract was made. Plaintiff, however, was not entitled to the full payment of $200 for each, because of a provision for a rebate in case the customers thus secured by the defendant should not continue to deal with the defendant for a full period of two years. There was a sharp issue of fact as to whether these (twenty-eight) accounts were live accounts, representing actual customers of the plaintiff at the date of the contract, but the jury found for the plaintiff. The learned trial justice set the verdict aside as contrary to the evidence and the law. After careful review of the evidence, all agree that the evidence supports the verdict. A difficulty arises, however, because the verdict is contrary to the law as charged. The court instructed the jury that the contract meant that the plaintiff was only entitled to recover on proving that the customers on plaintiff's list who, subsequent to the agreement, gave orders and business to the defendant, dealt with the defendant as forwarders. In other words, that payment was to be made only for forwarding business done by defendant for plaintiff's customers. This was an erroneous construction of the contract. The defendant was at no time in the forwarding business and the plaintiff at no time gave up his forwarding business. The defendant conducted the jobbing business and it increased that business by establishing relations with plaintiff's customers in the forwarding business. This was what the defendant was to pay for and the jury reached a correct result. But this result could not have been reached if the jury had strictly followed the instructions. Upon the facts of this particular case, we do not feel compelled to order a new trial. The court correctly charged as to the

two necessary elements for a recovery. Both were found for the plaintiff and the evidence supports the finding. In such a case, where the court erroneously interposed a third element, against the interest of the plaintiff, which the jury ignored, but all the necessary elements for a recovery were correctly stated and found, and where the result is obviously a just one, the verdict should stand.

The order setting aside the verdict is reversed, with costs to the plaintiff, and the verdict of the jury reinstated.

CLARKE, P. J., SMITH and PAGE, JJ., concurred; DOWLING, J., dissented.

DOWLING, J. (dissenting):

I agree that the verdict rendered herein is probably a just one, and fairly determines the issue between the parties. I also agree that the theory of the trial court as to the meaning and effect of the agreement in question is entirely erroneous and cannot possibly be sustained. But the law applicable to this particular case was enunciated by the trial court and no objection thereto having been taken by either party, it is binding on them not only for the trial but upon appeal as well. The rules of law so applicable were declared to be, that plaintiff must establish, in order to recover, *first*, that the accounts were with the Union Packing Company; *second*, that the accounts went over to the defendant, that is, as the court was careful to reiterate, that the same business that was being done with the Union Packing Company was transferred to defendant; *third*, the period of time for which business was done with each account by defendant, as the payment was to be fifty dollars in advance for each period of six months, during the term of two years, and if business ceased with any account no further liability was incurred thereon to plaintiff. Plaintiff, I think, sustained the burden of proof on the first and third elements of recovery. It is plain that the second element was incorrectly charged to be necessary for plaintiff to prove. For neither party to the agreement has ever claimed that it was necessary that the accounts which " went over " were to represent the same business done with defendant, that was done with plaintiff — that is, the forwarding business. Defendant never was in that line of business; plaintiff never

gave it up. Plaintiff claims that the accounts " went over " if the parties did business with defendant in its line of jobbing or selling merchandise. Defendant claims it was only liable to plaintiff if its " accounts " did business with it on the " resident buying " line, though concededly it never did any business of that character, though organized therefor. If the case had been properly submitted, plaintiff's verdict could be sustained on his theory of the meaning of the agreement. But both parties accepted the court's charge as correctly stating the law of the case, and plaintiff did not object or except to the burden of proof laid upon him by the charge. Concededly there was no evidence that plaintiff's " accounts " ever did a similar business with defendant to that which they did with plaintiff, as forwarder. Hence the verdict was unwarranted and was properly set aside. I, therefore, vote for the affirmance of the order appealed from. Logically, this would lead to the dismissal of the complaint as well. But we have discretionary power to grant a new trial, and I would favor giving plaintiff an opportunity of proving his cause of action under proper rules of law. I favor affirming the order appealed from and granting a new trial, with costs to appellant to abide the event.

Order so far as appealed from by plaintiff reversed, with costs to plaintiff, and the verdict of the jury reinstated.